CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED /s/ Dville
OCT 02 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SHARON S. SMITH, | ) | CASE NO. 4:11CV00031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's protectively-filed December 10, 2008 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on October 18, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since December 1, 2003, her

alleged date of disability date, and that she remained insured through December 31, 2003[1]. (R. 13.) The Law Judge further found that plaintiff's diabetes mellitus was a medically determinable impairment from her alleged disability onset date through her date last insured. (*Id.*) Even so, he concluded that she did not suffer any impairment or combination of impairments that had significantly limited or was expected to significantly limit her ability to perform basic work-related activities for twelve consecutive months, and as such, plaintiff did not suffer a severe impairment or combination of impairments. (*Id.*) Thus, the Law Judge found that she was not disabled at any time from her alleged disability onset date through her date last insured. (R. 15.)

The Law Judge further concluded that after December 10, 2008, her protective filing date, plaintiff suffered the following severe impairments: diabetes mellitus, peripheral neuropathy, and obesity[2]. (*Id.*) Yet, he found that after December 10, 2008, she did not suffer an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 16.) The Law Judge determined that after the protective filing date, plaintiff possessed the residual functional capacity ("RFC") to perform a full range of sedentary work[3]. (*Id.*) He further found that she was capable of performing her past relevant work as a tax preparer and finance manager[4], both of which the Law Judge determined fell within the category of her RFC. (R. 20.) Thus, the Law Judge ultimately determined that plaintiff was not disabled after December 10, 2008, her protective filing date, through the date of his decision. (*Id.*)

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, December 31, 2003. *See* 20 C.F.R. § 404.131(a).
[2] At her September 1, 2010 hearing, plaintiff testified that she was 5'9" and weighed 261 pounds. (R. 31.)
[3] "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. §§ 404.1567(a), 416.967(a).
[4] The Vocational Expert ("VE") testified that plaintiff's past relevant work as a tax preparer was sedentary and semiskilled and her work as a finance manager was sedentary and skilled. (R. 39.)

2

Case 4:11-cv-00031-JLK-BWC   Document 24   Filed 10/02/12   Page 2 of 9   Pageid#: 1608

Plaintiff appealed the Law Judge's October 18, 2010 decision to the Appeals Council and submitted medical records from the Veterans Administration Medical Center dated July 29, 2010 through February 13, 2011. (R. 1-3, 1270-1464.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.)

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge erred in his evaluation of her complaints of pain.[5] (Pl's Brief, pp. 34-38.) Specifically, she contends that the Law Judge's determination of her credibility is not supported by substantial evidence because she believes the medical records corroborate her testimony regarding her physical limitations and inability to work. (Pl's Brief, p. 34.) The undersigned

---

[5] Plaintiff makes two unrelated arguments within this argument. Initially, Plaintiff argues that the Law Judge erred in failing to find that her psoriasis and psoriatic arthritis were not severe impairments. (Pl's Brief, p. 36.) The Law Judge noted that plaintiff had testified that her psoriasis caused her to experience skin flare up periodically, but that the condition was well controlled through the use of medication. (R. 15, 32-33.)
    Next, plaintiff argues that the Law Judge erred in finding that she did not suffer any severe impairments prior to her date last insured. (Pl's Brief, p. 36.) Obviously, the period considered was short, as her alleged date of onset was December 1, 2003, and she was insured for benefits through December 31, 2003. (R. 13.) The Law Judge found: "No medical records, including treatment notes or imaging results, have been submitted from the period at issue." (R. 15.) Plaintiff fails to dispute this finding, and it is supported by substantial evidence.

3

disagrees and finds that the Law Judge's credibility determination is supported by substantial evidence.

There is a two-step process for evaluating subjective complaints which was developed in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. §§ 404.1529, 416.929. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. Then, at step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. This evaluation involves consideration of the claimant's statements of pain and other alleged symptoms, as well as such factors as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

At step one, the Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms. (R. 17.) At step two, he found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with his determination that she could perform a full range of sedentary work. (*Id.*)

The Law Judge noted that plaintiff's physical examinations had produced rather benign results. (R. 18.) A review of the record reveals that nerve conduction tests showed only a very

4

mild peripheral neuropathy. (R. 404, 862, 1052.) Plaintiff displayed a normal gait (R. 183, 404, 865, 984, 1058), and she did not require the use of an assistance device to assist her with ambulation (R. 178, 183). Also, plaintiff was described by a consultative examiner as a "big strong girl" (R. 374) who showed an age-appropriate motor, bulk, and power (R. 372). The Law Judge found that plaintiff's admitted activities of daily living were beyond that which one would expect from a person suffering disabling symptoms and limitations. (R. 19.) In that regard, the record reveals that plaintiff was able to clean the house (R. 34, 174), do laundry and wash dishes (R. 174), cook and prepare her own meals (R. 34, 174), drive a car (R. 34, 175), and vacuum the house (R. 174). She was also able to go outside daily, do her own grocery shopping on a weekly basis (R. 175), and attend church twice a week by herself (R. 176). Finally, the Law Judge found that plaintiff's credibility was questionable based on the fact that she had a history of filing false tax returns (R. 18, 28), and on the fact that the consultative examiner concluded that plaintiff was exaggerating her pain symptoms (R. 18, 372-374). These findings provide substantial support for the Law Judge's credibility finding.

Next, plaintiff argues that the Law Judge failed to comply with the requirements of 20 C.F.R. § 404.1527 when it came to assessing the medical evidence. (Pl's Brief, pp. 38-40.) Specifically, she asserts that the Law Judge failed to provide any reasons for rejecting significant portions of the opinion offered by a consultative examiner, Thomas Sheilds, M.D. (Pl's Brief, p. 39.) Essentially, plaintiff contends that, if the Law Judge had properly considered her limitations on reaching, handling, fingering, and grasping, he would have found that she could not perform sedentary work. (Pl's Brief, p. 40.) The undersigned disagrees.

The regulations address how medical opinion evidence should be evaluated. 20 C.F.R. § 404.1527. Those factors are: examining relationship, treatment relationship, length of the

5

treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors (such as the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has). 20 C.F.R. § 404.1527(c).

Dr. Sheilds performed a consultative examination on January 14, 2010. (R. 369-375.) Plaintiff reported that her primary complaint was severe neuropathy in her feet and legs (R. 369), and she suggested that the condition was so severe that it prevented her from working (R. 373). Dr. Sheilds diagnosed plaintiff as suffering the following: diabetic neuropathy bilaterally, mild to moderate; myalgias, NOS; arthralgias, NOS; multiple medical problems; obesity; history of psoriasis; history of hypertension; hyperlipidemia; and an alleged history of recent shortness of breath and chest pain. (R. 373.) He repeatedly noted his belief that plaintiff was not making her best effort during the examination (R. 372, 374.) The physician further noted, "On physical examination, there was not a lot of evidence of anything except for mild neuropathy and a right shoulder impairment. I am not sure she was a hundred percent cooperative." (R. 373.) Dr. Sheilds then determined that plaintiff could carry ten to twenty pounds and found:

> There are no obvious limitations on reaching, handling, feeling or grasping. The one thing I would say, is that doing this above her head, will be difficult for this claimant. Because of her physical examination and the limitations on her shoulders, I cannot really truly say that she does not have a deficit in both shoulders, that is reaching above 90 degrees. So, there may be some impairment on reaching, handling, feeling and grasping.

(R. 374.)

The Law Judge concluded that Dr. Sheilds' opinion and conclusions supported his determination of plaintiff's RFC, that they were consistent with the evidence in the record, and as such, were entitled to "significant weight." (R. 19.) These conclusions were neither erroneous nor unsupported by substantial evidence.

6

Plaintiff next argues that the Law Judge failed to properly consider the functional effects of her extreme obesity when evaluating her SSI claim. (Pl's Brief, pp. 40-45.) Specifically, she asserts that the Law Judge failed to consider her obesity at steps four and five in the sequential evaluation, because her obesity exacerbates the pain stemming from her peripheral neuropathy and psoriatic arthritis even more than what the Law Judge found. (Pl's Brief, pp. 41-42.)

While obesity[6] is no longer considered a listed impairment, under Social Security Ruling ("SSR") 02–1p the Law Judge must consider the effects of a claimant's obesity at every step of the sequential analysis after step one. SSR 02-1p, 2002 WL 34686281, *3 (September 12, 2002). Even so, the burden is on the claimant to show that any additional limitations are obesity-related and not accounted for by the Law Judge in his RFC determination. *Shrewsbury v. Astrue*, 2012 WL 2789719, *5 (W.D.Va. July 9, 2012) (citing *Matthews v. Astrue,* 2009 WL 497676, at *4, n. 4 (W.D.Va. February 27, 2009); *Phelps v. Astrue,* 2010 WL 3632730, at *7 (W.D.Va. September 9, 2010)).

Here, the Law Judge found at step two in the sequential evaluation that after December 10, 2008, plaintiff's obesity was a severe impairment. (R. 15.) The Law Judge generally discussed obesity at step three in the evaluation. (R. 16.) The undersigned cannot find any record support for plaintiff's assertion that her obesity produces vocational limitations beyond those included in the Law Judge's RFC finding. In fact, the record reveals evidence to the contrary. Dr. Sheilds found that plaintiff was obese[7], but he observed that her obesity did "not seem to profoundly limit her." (R. 373.) In fact, there is no indication that this physician found any limitations caused by her obesity which precluded plaintiff from performing a full range of

---

[6] An individual is deemed to be obese when their body mass index ("BMI") is 30.0 or greater. SSR 02-1p, 2002 WL 34686281, *2 (September 12, 2002).
[7] Dr. Sheilds found that plaintiff was 5'9" tall and weighed 254 pounds. (R. 372.)

7

sedentary work. Accordingly, the undersigned concludes that the Law Judge considered plaintiff's obesity in manner consistent with SSR 02–1p.

Finally, seeks a remand on the basis of the new evidence she submitted to the Appeals Council. (Pl's Brief, pp. 45-46.) Plaintiff specifically contends that this evidence is material because it likely would have changed the Law Judge's decision, and that good cause exists for not submitting it to the Law Judge because it did not exist prior to the Law Judge's decision. (Pl's Brief, p. 46.)

When determining whether it should grant review, the Appeals Council is required to consider evidence submitted to it, "'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the [Law Judge's] decision.'" *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir.1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is deemed new if it is not duplicative or cumulative. *Id.* at 96. It is deemed material "if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* at 96.

Here, the evidence plaintiff submitted to the Appeals Council consists of medical records from the Veterans Administration Medical Center. (R. 1270-1464.) Plaintiff has failed to demonstrate these records relate to the period on or before the Law Judge's decision. Additionally, the undersigned fails to see how these records would have been likely to change the Law Judge's decision, had they been before him. Accordingly, plaintiff has not been shown she is entitled to remand.

For all these reasons, the undersigned RECOMMENDS that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

8

Case 4:11-cv-00031-JLK-BWC   Document 24   Filed 10/02/12   Page 8 of 9   Pageid#: 1614

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

October 2, 2012
Date

9

Case 4:11-cv-00031-JLK-BWC   Document 24   Filed 10/02/12   Page 9 of 9   Pageid#: 1615