IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SHARON S. SMITH, | ) |
| Plaintiff, | ) Case No.: 4:11-cv-00031 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL ASTRUE, | ) By: Hon. Jackson L. Kiser |
| Commissioner of Social Security, | ) Senior United States District Judge |
| Defendant. | ) |

Before me is the Report and Recommendation ("R & R") of Hon. B. Waugh Crigler recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 24], affirm the Commissioner's final decision, and dismiss this case. Plaintiff filed timely Objections [ECF No. 25], and the Commissioner responded [ECF No. 26]. The Objections are now ripe for consideration. *See* FED. R. CIV. P. 72(b). I have reviewed the Magistrate Judge's recommendation, Plaintiff's Objections, the Commissioner's response, and the relevant portions of the Record. For the reasons stated below, I will **OVERRULE** Plaintiff's Objections, **ADOPT** Judge Crigler's R & R, **GRANT** Defendant's Motion for Summary Judgment, and **DISMISS** this case.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 10, 2008, Plaintiff Sharon S. Smith ("Plaintiff") protectively filed concurrent applications for Social Security Disability benefits and Supplemental Security Income benefits pursuant to Title II and Title XVI of the Social Security Act, respectively. *See* 42 U.S.C. §§ 401–433, 1381–1383f. (*See* R. 11.) In her applications, Plaintiff alleged that she was disabled as of December 1, 2003. (*Id.*) Plaintiff's claims were initially denied on January 27, 2010, and upon reconsideration on April 22, 2010. (R. 48−60; 44−45.) On May 9, 2010,

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 85−86.) On September 1, 2010, the ALJ held an administrative hearing via video conference to determine whether Plaintiff was under a disability within the meaning of the Social Security Act. (*See* R. 22−40.) The ALJ heard testimony from Plaintiff and Sandra Wells-Brown, a Vocational Expert. (*See id.*)

On October 18, 2010, the ALJ submitted his decision, which included findings of fact and conclusions of law. (R. 11−21.) The ALJ applied the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (R. 12−13.) He initially found that Plaintiff had not engaged in substantial gainful activity since December 1, 2003—her alleged disability onset date—and that she met the insured status requirements under the Social Security Act through December 31, 2003. (R. 13.) He found that Plaintiff suffered from diabetes mellitus, which is a severe impairment pursuant to 20 C.F.R. §§ 404.1521 and 416.921. (R. 13.) Ultimately, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments." (R. 13.)

The ALJ also found that, "[a]fter December 10, 2008, the protective filing date of the claimant's disability application, the claimant had the following severe impairments: diabetes mellitus, peripheral neuropathy, and obesity . . . ." (R. 15.) The ALJ also considered other impairments from which Plaintiff claimed she suffered, but that were not considered "severe," such as gatroesophageal reflux disease, hypertension, degenerative disc disease, psoriasis, and chronic obstructive pulmonary disorder, and depression.[1] (R. 15.) Based on all the evidence, the

---

[1] According to the ALJ, "[t]he record does not establish a 'severe' mental disorder that imposes more than mild limitations under the 'B' criteria of the Regulations [20 C.F.R. 404, Subpt. P, App'x 1] used to

ALJ determined that, after December 10, 2008, Plaintiff "had the residual functional capacity to perform the full range of sedentary work as defined in [20 C.F.R. §§ 404.1567(a) and 416.967(a)]." (R. 16.) In making this conclusion, the ALJ partially discounted Plaintiff's subjective complaints because, among other things, her "[t]reatment has been relatively limited and conservative overall." (R. 18.) The ALJ concluded that Plaintiff had been capable of performing past relevant work as a tax preparer, that she was not disabled under applicable law and regulations, and that Plaintiff had not been under a disability from the date she filed her applications through the date of his decision. (R. 20.)

Plaintiff appealed the ALJ's decision to the Appeals Council on November 29, 2010. (R. 7.) The Appeals Council considered Plaintiff's additional evidence, but found no basis in the record or in the reasons advanced on appeal to review the decision. It denied review and adopted the ALJ's decision as the final decision of the Commissioner on June 8, 2011. (R. 1–3).

Plaintiff instituted the present civil action in this Court on July 18, 2011. (Comp. [ECF No. 3].) Thereafter, I referred this matter to Magistrate Judge B. Waugh Crigler for consideration of Plaintiff's and the Commissioner's dispositive motions. (Order, Jan. 23, 2012, [ECF No. 10].) On October 2, 2012, Judge Crigler issued his R & R in which he concluded that I should grant the Commissioner's Motion for Summary Judgment and dismiss this case. (R & R. [ECF No. 24].)

On October 16, 2012, Plaintiff filed timely Objections to the R & R. (Pl.'s Obj. [ECF No. 25].) Plaintiff's Objections raise arguments identical to the ones she made in her Motion for Summary Judgment before Magistrate Judge Crigler. The Commissioner filed a timely response to Plaintiff's Objections, arguing that her Objections are merely a repackaging of her arguments

---

evaluate mental disorders, i.e., daily activities, social functioning, maintaining concentration/persistence/ pace, or episodes of decompensation of extended duration." (R. 15.)

before Magistrate Judge Crigler, and therefore she "is not entitled to this Court's de novo review." *Veney v. Astrue*, 539 F. Supp. 2d 841, 842−43 (W.D. Va. 2008).

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the Vocational Examiner, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting

evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[2]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

An additional standard of review, however, applies to my consideration of Judge Crigler's R & R under Federal Rule of Civil Procedure 72(b) and the Federal Magistrate Act, 28 U.S.C. § 636. Rule 72(b) provides that "[t]he district judge . . . shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which ***specific*** written objection has been made . . . ." FED. R. CIV. P. 72(b) (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(C). "Any part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error." *Veney v. Astrue*, 539 F. Supp. 2d 841, 844 (W.D. Va. 2008) (citations omitted). "General objections to a magistrate judge's report and recommendation, reiterating arguments already presented lack the specificity required by Rule 72 and have the same effect as a failure to object." *Elliott v. Comm'r of Soc. Sec.*, Case No. 6:10-cv-00032, 2011 U.S. Dist. LEXIS 92673, at *6 (W.D. Va. Aug. 19, 2011) (Moon, J.) (citing *Veney*, 539 F. Supp. 2d at 845). I should uphold those portions of the magistrate judge's report and recommendation to which a plaintiff makes no objection unless it is clearly erroneous or contrary to law. *Id.* (citing *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982)).

### III. DISCUSSION

At the outset, the Commissioner has responded to Plaintiff's Objections by arguing that her Objections are nothing more than a repackaging of her arguments for summary judgment. While there is ample evidence to support this argument—Plaintiff's four arguments before me are the same four arguments she made to Magistrate Judge Crigler, the same typographical errors appear in her Objections and her summary judgment brief, and short-form citations are not

---

[2] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

preceded in her Objections with a full citation, suggesting that sentences were "copy and pasted" from one brief to the other—she has nonetheless made specific objection to the R & R. She takes issue with Magistrate Judge Crigler's determination of the evidence; at the summary judgment state, she took issue with the ALJ's determination of the evidence. While it is obvious that Plaintiff has recited, word for word, many parts of her summary judgment brief as the text of her Objections, and while Plaintiff's Objections will require me to duplicate Magistrate Judge Crigler's efforts, *see Veney*, 539 F. Supp. 2d at 846 ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks."), she objects to Magistrate Judge Crigler's finding of substantial evidence for the ALJ's position. (*See, e.g.*, Pl.'s Obj. pg. 1 ["The Court erred in finding substantial support for the ALJ's credibility finding."].) Therefore, I will address Plaintiff's arguments in turn.

### A. Magistrate Judge Crigler Did Not Err in Finding Substantial Support for the ALJ's Credibility Finding

Plaintiff argues that Magistrate Judge Crigler erred in finding that the ALJ did not err in finding Plaintiff's allegations of disabling limitations to be only partially credible. During this de novo review of Magistrate Judge Crigler's conclusion, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary." *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589). If there is substantial evidence to support the ALJ's conclusion, that conclusion will stand.

As Magistrate Judge Crigler accurately noted, the process for evaluating subjective complaints was set forth in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). Plaintiff's first objection does not take issue with the legal standard Magistrate Judge Crigler applied. At step one, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms

alleged. *See Craig*, 76 F.3d at 594. As the ALJ did find such impairments, Plaintiff presumably has no objection. At step two, the ALJ must evaluate the intensity and persistence of the claimant's pain or other symptoms based on all the evidence in the record, including claimant's testimony. *Id.* at 595.

Here, Plaintiff's assertions regarding her disabling limitations could fairly be questioned. The ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent that are inconsistent with the above residual functional capacity assessment." (R. 17.) Setting aside, for the moment, claimant's history of misleading statements regarding her limitations and work history (*see* R. 18-19), Plaintiff's own statements belie the claim that she is unable to work. She reports that she is able to prepare meals for herself daily, do the dishes, load the dishwasher, do laundry, clean, go outside daily, shop for groceries weekly, and attend church. (*See* R. 34; 174−176.)

In her first objection, Plaintiff attacks the ALJ's finding by arguing that Plaintiff stated she could only do these things "sometimes." (*See* R. 176.) That is a mischaracterization of the Record. Plaintiff reported that she "need[ed] to be reminded to go places" "sometimes," not that she was only able to attend church "sometimes," as Plaintiff now argues. Moreover, as the ALJ noted, "[t]reatment has been relatively limited and conservative overall." (R. 18.) Dr. Thomas Sheilds, the consultative examiner, was "not convinced [Plaintiff was] making her best effort throughout" her examination. (R. 372.) He also concluded that, during an eight-hour workday, Plaintiff would likely *complain* about a lot of pain, but "[t]here is no objective evidence that she should be in this much pain that she is in." (R. 374.)

All of these facts, as well as Plaintiff's history of filing false tax returns and shifting explanations of her work history (*see* R. 18−19), provided substantial evidence for the ALJ's conclusion.

### B. The ALJ Did Not Reject Portions of Dr. Sheilds's Opinions

Plaintiff argues that, because Dr. Shields noted that "there may be some impairment on reaching, handling, feeling and grasping," the ALJ must have rejected this portion of his opinion because the ALJ held that Plaintiff was not disabled. (*See* R. 374.) This argument is without merit. Apparently, Plaintiff does not take issue with Dr. Sheilds's findings as a whole; rather, she contends that the above-quoted finding establishes disability. I disagree.

Nothing in the ALJ's decision suggests that he discounted Dr. Sheilds's findings regarding limitations on reaching, handling, feeling, or grasping. Unlike Plaintiff, neither I nor the ALJ read Dr. Sheilds's findings as utter prohibitions on reaching, handling, feeling, or grasping. In fact, Plaintiff ignores Dr. Sheilds's introductory sentence: "There are no obvious limitations on reaching, handling, feeling or grasping." (R. 374.) As noted above, Plaintiff was not giving her best effort during Dr. Sheilds's examination. Moreover, the ALJ found that Plaintiff has the residual functional capacity to perform the full range of sedentary work. The applicable regulations define sedentary work as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R § 404.1567(a) (2012). Despite Plaintiff's protestations, none of the requirements of sedentary work implicate the alleged deficits she finds in Dr. Sheilds's conclusions. Moreover,

Plaintiff herself informed the State agency that she had no difficulty reaching or using her hands. (R. 177.) I see no basis in the Record for Plaintiff's conclusion that the ALJ summarily rejected without reason portions of Dr. Sheilds's conclusions.

### C. The ALJ Properly Considered Plaintiff's Obesity and Properly Concluded that Plaintiff's Obesity Does Not Produce Vocational Limitations Beyond Those Included in the ALJ's RFC Findings

Plaintiff's next objection is that the ALJ did not consider Plaintiff's obesity in conjunction with her other deficits and that, in so failing, erroneously concluded that Plaintiff was not disabled. Plaintiff's objection here is difficult to comprehend: Plaintiff contends that the ALJ did not consider her obesity, yet he specifically found that Plaintiff's obesity was a severe impairment. (R. 15.) She also contends that her obesity "causes additional functional limitations not accounted for by the ALJ in his RFC determination;" to wit, "[P]laintiff's obesity exacerbates the plaintiff's pain stemming from her peripheral neuropathy and psoriatic arthritis." (Pl.'s Obj. pgs. 4−5.) But the evidence is clear that the ALJ considered Plaintiff's impairments, as well as the extent to which those impairments are debilitating. Dr. Sheilds found that Plaintiff was obese, but that her obesity "does not seem to profoundly limit her." (R. 373.) Moreover, as Dr. Sheilds noted, Plaintiff's subjective evaluation of her pain is not supported by the objective medical evidence. (*See, e.g.*, R. 374 ["[T]here is nothing really to support her claims . . . ."].) Plaintiff herself even reported *no* pain during the relevant period. (*See* R. 306−07, 506, 510.) Therefore, there is substantial evidence to support the ALJ's conclusions regarding Plaintiff's residual functional capacity and the effect of Plaintiff's obesity on the relevant factors, including her level of pain.

### D. Plaintiff Has Failed to Show that the New Evidence Relates to the Period On or Before the ALJ's Decision, or that the New Evidence Would Have Been Likely to Change the Outcome

Plaintiff's final objection concerns new evidence that was not presented to the ALJ. In determining whether new evidence demonstrates good cause for remanding a case to the Commissioner, I must consider the so-called *Borders* factors:

> A reviewing court may remand a case to the Commissioner on the basis of new evidence if four prerequisites are met: (1) the evidence must be relevant to determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.

*Miller v. Barnhart*, 64 Fed. App'x 858, 859–60 (4th Cir. 2003) (per curiam) (unpublished) (citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). *But see Wilkins v. Sec'y Dept. of Health & Human Servs.*, 953 F.2d 93, 95−96 (4th Cir. 1991) (en banc) ("The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990).) The new evidence cited by Plaintiff fails to satisfy the relevant factors.

Primarily, there is no evidence to suggest that the evidence "relates to the period on or before the date of the ALJ's decision," *id.,* or that the evidence is "relevant to [the] determination of disability at the time the application(s) was first filed," *Miller*, 64 Fed. App'x at 859. Plaintiff filed her application for disability benefits on December 10, 2008, and the ALJ entered his decision on October 18, 2010; the medical evidence she now offers is dated between July 29, 2010, and February 13, 2011. (R. 1270.) The few months that do fall within the relevant time

period, however, do not establish "that the Commissioner's decision might reasonably have been different had the new evidence been before [him]." *Miller*, 64 Fed. App'x at 860.

Plaintiff argues that the medical evidence "documents that the plaintiff's psoriasis was not under control . . . , the records document the impact of the plaintiff's obesity on her other impairments and the fact that she has been referred for gastric bypass surgery . . . , [and] the records document the plaintiff was referred to physical therapy, indicating that her complaints were not exaggerated . . . ." (Pl.'s Obj. pg. 5.)

The skin lesion excisions that Plaintiff cites as evidence that her psoriasis was not under control is not persuasive: Plaintiff testified that her psoriasis *was* under control, and the ALJ explicitly considered Plaintiff's occasional flare-ups. (*See* R. 15 ["The claimant testified that her psoriasis was well controlled through the use of appropriate medications, although she still experienced occasional flare-ups."].) As I have already found, there was substantial evidence that Plaintiff's obesity was properly considered by the ALJ. Moreover, the fact that was Plaintiff has been referred for gastric bypass, standing alone, does not establish that her obesity is a debilitating condition or that its effects on her other severe impairments rises to the level of disability, as Plaintiff now contends. The same is true with regards to her referral for physical therapy. In order to conclude that a referral for physical therapy establishes, in and of itself, that Plaintiff is not malingering requires a leap of logic that is simply not supported by the Record. As I have found, there is ample evidence to establish that Plaintiff does not suffer from the level of pain that she asserts; a referral for physical therapy would not change that determination. Therefore, because the Commissioner's decision would not have been different had the new evidence been before him, a remand is not appropriate.

## IV. CONCLUSION

There is substantial evidence for all of the ALJ's decisions. Therefore, I will **OVERRULE** Plaintiff's Objections, **ADOPT** the R & R in its entirety, **GRANT** the Commissioner's Motion for Summary Judgment, and **DISMISS** this case.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 5th day of November, 2012.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE